IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILIP MARK WALKER, ) | |
| ) | |
|     Petitioner/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-0825 |
| ) | |
| USA SWIMMING, INC., a foreign ) | Judge Sharp |
| corporation, ) | |
| ) | |
|     Respondent/Defendant. ) | |
| ) | |

## MEMORANDUM

Pending before the Court is Defendant USA Swimming, Inc.'s ("USA Swimming") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 35). Petitioner Philip Mark Walker ("Walker") filed a Response in Opposition (Docket No. 50) and USA Swimming replied (Docket No. 54). For the reasons below, the Court will deny USA Swimming's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## BACKGROUND

The Ted Stevens Olympic and Amateur Sports Act ("Sports Act") was originally enacted in 1978, and it created the United States Olympic Committee ("USOC"). For each Olympic sport, the Sports Act allows the USOC to recognize one national governing body. 36 U.S.C. § 220521(a). USA Swimming is the national governing body for Olympic swimming. (Docket No. 14 at ¶ 2.) As such, USA Swimming is tasked with a number of duties, including establishing eligibility requirements for participation in Olympic swimming, recommending swimmers to represent the United States in the Olympic Games, and coordinating amateur swimming competitions in the United States. 36 U.S.C. § 220523(a).

1

Walker was a member of and coach for USA Swimming with over 30 years of experience. (Docket No. 14 at ¶ 7).[1] In 2013, USA Swimming informed Walker that he was the subject of a complaint alleging Code of Conduct violations. (Id.). After providing Walker with Notice of the Complaint, USA Swimming conducted a disciplinary process. (Id. at ¶ 8). This included a proceeding in front of USA Swimming's National Board of Review, where Walker was issued a lifetime ban from membership in USA Swimming based on the alleged Code of Conduct violations. (Id. at ¶ 17). The lifetime ban was upheld by USA Swimming's Board of Directors. (Id.).

After the Board of Directors affirmed the National Board of Review's decision, Walker challenged the decision through the American Arbitration Association, as the Sports Act requires of anyone wishing to appeal a USOC or national governing body decision. (Docket No. 33 at 3-7 & 95-100); 36 U.S.C. § 220529(a) ("A party aggrieved by a determination of the corporation under section 220527 or 220528 of this title may obtain review by any regional office of the American Arbitration Association."). In Walker's Applications for Relief with the American Arbitration Association, he requested a temporary injunction on the publication of his name on USA Swimming's "banned" list, dismissal of USA Swimming's lifetime ban, and/or a de novo hearing on the disciplinary issue. (Docket No. 33 at 6-7 & 99). Walker did not request any damages. (Id.). The arbitrator affirmed USA Swimming's imposition of a lifetime ban upon Walker. (Docket No. 33-2 at 151). No damages were awarded and each side was ordered to pay their own attorneys' fees and costs. (Id.). The Sports Act states that the "[f]inal decision of the arbitrators is binding on the parties if the award is not inconsistent with the constitution and bylaws of the corporation." 36 U.S.C. § 220529(d).

---

[1] As discussed below, USA Swimming's Motion to Dismiss is a facial attack on subject matter jurisdiction. As such, the relevant facts have been drawn from Walker's Amended Petition. (Docket No. 14).

Walker subsequently filed an Amended Petition and Complaint to Vacate Arbitration Award and Complaint for Damages ("Amended Petition") with this Court. (Docket No. 14). In the Amended Petition, Walker claims that USA Swimming and the arbitrator failed to follow a number of USA Swimming's own rules and regulations throughout the disciplinary process, including denying him the right to call witnesses and to conduct discovery. (Id. at ¶¶ 14 & 15). He claims that subject matter jurisdiction is appropriate under both the Federal Arbitration Act ("FAA") and the Sports Act, as well as through diversity jurisdiction. (Id. at ¶¶ 4 & 5). USA Swimming, in its Motion to Dismiss, counters that neither statute provides federal courts with subject matter jurisdiction to review USA Swimming's disciplinary process in regards to Walker. (Docket No. 35). USA Swimming further counters that Walker cannot meet the requirements of diversity jurisdiction. (Id.).

## **LEGAL STANDARD**

USA Swimming's Motion to Dismiss is based upon Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Sixth Circuit has summarized the applicable standard of review regarding 12(b)(1) motions as follows:

> A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. Id.
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. Id. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. DLX, Inc. v. Commonwealth of Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

Cartwright v. Garner, 751 F.3d 752, 759-60 (6th Cir. 2014). USA Swimming's 12(b)(1) Motion to Dismiss is a facial attack on the sufficiency of subject matter jurisdiction. Therefore, the Court takes the allegations in the Petition as true.

## **ANALYSIS**

### I. **Diversity Jurisdiction**

Walker claims that this Court has subject matter jurisdiction through diversity jurisdiction. (Docket No. 14 at ¶ 5). Under 28 U.S.C. § 1332 federal courts have subject matter jurisdiction over actions in which the matter in controversy exceeds the sum of $75,000 and the dispute is between citizens of different states. The amount in controversy determination is complicated in situations, such as here, where Walker asks the Court to vacate or reopen an arbitration award. (Id. at ¶ 22).

Circuit courts have generally taken three approaches in determining the amount in controversy when it comes to an arbitration award: (1) the award approach; (2) the demand approach; and (3) the remand approach. The answer differs depending upon the relief sought.

> Under the award approach, the amount in controversy is determined by the amount of the underlying arbitration award regardless of the amount sought . . . . Pursuant to the demand approach, the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded. . . . The remand approach appears to apply if the petition includes a request to remand and reopen the arbitration proceeding, in which case the amount in controversy is the amount sought in the underlying arbitration.

Karsner v. Lothian, 532 F.3d 876, 882 (D.C. Cir. 2008) (internal citations omitted).

If the party seeks vacation of the arbitration award, the Sixth Circuit has adopted the award approach:

> A claim for vacation of an arbitral award in the amount of $50,000 or less is not sufficient for diversity jurisdiction. See Giangrande v. Shearson Lehman/E.F. Hutton, 803 F.Supp. 464, 468 (D.Mass.1992) (no diversity jurisdiction where complaint sought vacation of $24,000 arbitration award); *Quick & Reilly, Inc. v.*

> *Saglio,* 717 F.Supp. 822, 823–24 (S.D.Fla.1989) (no diversity jurisdiction where complaint sought enforcement of $44,000 arbitration award).

Ford v. Hamilton Investments, Inc., 29 F.3d 255, 260 (6th Cir. 1994) (applying older amount threshold for diversity jurisdiction and denying vacation of the arbitration award even though petitioner had sought more than the diversity jurisdiction requirement in the underlying arbitration). If the party seeks to reopen the arbitration and remand the case, then the Sixth Circuit has adopted the remand approach:

> Where . . . the petitioner seeks to reopen the arbitration, the amount in controversy 'includes the matter at stake in the arbitration.' See Sirotzky v. New York Stock Exchange, 347 F.3d 985, 989 (7th Cir.2003) (citations omitted); see also Ford v. Hamilton Investments, Inc., 29 F.3d 255, 260 (6th Cir.1994).

Mitchell v. Ainbinder, 214 F. App'x 565, 566 (6th Cir. 2007).

Walker is requesting vacation of the arbitration award and, in the alternative, reopening the arbitration to conduct a new hearing. (Docket No. 14 at 8-9). Walker does not dispute that he neither requested nor received any amount of damages in either of his applications for arbitration. (Docket No. 33 at 2-7 & 95-100; Docket No. 33-2 at 151). Consequently, under both the award approach adopted for requests to vacate and the remand approach adopted for requests to reopen, Walker fails to meet the amount in controversy requirement for diversity jurisdiction.

## II. Federal Question Jurisdiction

Walker also claims that this Court has subject matter jurisdiction under federal question jurisdiction. (Docket No. 14 at ¶ 4). Under 28 U.S.C. § 1331, federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Walker claims jurisdiction under two different federal statutes: 9 U.S.C. § 10(a)(3) of the FAA and 36 U.S.C. § 220522(a)(8) of the Sports Act.

5

### a. The FAA

Walker first claims federal question jurisdiction under §10(a)(3) of the FAA, which states that this Court "may make an order vacating the award . . . where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced[.]" (Docket No. 14 at 1). However, the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983) (internal citation omitted). More specifically, the Sixth Circuit has stated that

> [i]t is well established . . . that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction. Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 884 (9th Cir.1993); Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir.1990). . . . It is equally clear that § 9 of the Act does not create subject matter jurisdiction.

Ford v. Hamilton Investments, Inc., 29 F.3d at 257-58. Consequently, Walker must have an independent basis for federal question jurisdiction.

### b. The Sports Act

Next, Walker argues that federal question jurisdiction is appropriate under the Sports Act. (Docket No. 14 at ¶ 4). Section 220505(b)(9) of the Sports Act explicitly states that "neither this paragraph nor any other provision of this chapter shall create a private right of action under this chapter[.]" 36 U.S.C. § 220505(b)(9); see also Lee v. U.S. Taekwondo Union, 331 F. Supp. 2d 1252, 1256-57 (D. Haw. 2004); Graham v. U.S. Anti-Doping Agency, 2011 WL 1261321 at *5 (E.D. N.C. 2011) ("Congress did not expressly provide for a private cause of action under the Amateur Sports Act."); Oldfield v. Athletic Congress, 119 F.2d 505 (9th Cir. 1985).

Furthermore, courts have found that "there is no dispute that the USOC has exclusive jurisdiction when it comes to eligibility determinations." Slaney v. The Int'l Amateur Athletic Fed'n, 244 F.3d 580, 595 (7th Cir. 2001); see also Graham, 2011 WL 1261321 at *5 ("[E]ligibility determinations fall within the exclusive parameters of the Amateur Sports Act."); Slaney, 244 F.3d at 594 ("[T]here can be few less suitable bodies than the federal courts for determining the eligibility, or procedures for determining the eligibility, of athletes to participate in the Olympic Games.") (quoting Michels v. United States Olympic Committee, 741 F.2d. 155,159 (7th Cir. 1984) (Posner, J., concurring)). This determination has been extended to the eligibility of coaches as well as athletes. Graham, 2011 WL 1261321 at *5 ("In the court's view, all of [Plaintiff's] claims are premised on challenging [Plaintiff's] eligibility, namely, the lifetime ban imposed on [Plaintiff] as a coach for amateur athletes in Olympic sports.").

However, at least one small exception has been recognized: "ensuring that the organization follows its rules for determining eligibility." Slaney, 244 F.3d at 595. According to the Seventh Circuit, "[i]ntervention is appropriate only in the most extraordinary circumstances, where the association has clearly breached its own rules, that breach will imminently result in *serious* and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies." Id. (emphasis in original). However, "while examining whether internal rules ha[ve] been complied with, the courts 'should not intervene in the merits of the underlying dispute.'" Id. at 596 (quoting Harding v. U.S. Figure Skating Ass'n, 851 F. Supp. 1476, 1479 (D. Or. 1994)). "[I]njunctive relief is limited to correcting the breach of the rules." Harding, 851 F. Supp. at 1479.

Slaney dealt with the preemption of state law claims by the Sports Act, but the analysis remains the same in a situation such as Walker's. The plaintiff in Slaney tried to avoid the

7

Sports Act's lack of a private cause of action by relabeling her challenges to her eligibility determination as state law claims, such as breach of contract and negligence. Given that these claims were "actually challenges to the method by which the USOC determines eligibility of athletes" and the plaintiff had "not suggest[ed] that the organization contravened its own guidelines," the court upheld the district court's dismissal of the plaintiff's claims. In contrast, Walker, in the present case, has clearly pled in his Amended Petition that both USA Swimming and the arbitrator failed to follow USA Swimming's rules and regulations in imposing the lifetime ban upon Walker. (Docket No. 14 at 4-8); see also Graham, 2011 WL 1261321 at *6 ("[T]he court does recognize that it has a limited role in ensuring that the amateur sports organizations follow their own rules for determining eligibility.").

Consequently, although the Sports Act gives the USOC and its national governing bodies exclusive control over eligibility determinations, this Court finds that it has jurisdiction to ensure the USOC, its entities, and the arbitrators properly apply USA Swimming's rules and regulations. This finding is bolstered by the fact that the Sports Act, a federal statute, mandated arbitration as Walker's only form of available appeal from USA Swimming's disciplinary process. See 36 U.S.C. § 220529(a); 36 U.S.C. § 220529(d). As Walker has noted, the inability of a court to ensure USA Swimming's compliance with its own rules and regulations would lead to the complete insulation of USA Swimming's (and arbitrators') decisions, a curious result when the arbitration was conducted according to federal statute. The Court notes that this determination of federal question jurisdiction is limited to the discrete issue of whether USA Swimming and the arbitrator properly implemented USA Swimming's own rules and regulations in imposing the lifetime ban upon Walker, a determination the Court will not make at this time.

## **CONCLUSION**

For the foregoing reasons, the Court will deny USA Swimming's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 35).

A separate order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE